## J. A. Shewbridge, alias J. A. Strewbridge, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,801. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by J. A. Shewbridge, *alias* J. A. Strewbridge against Chicago City Railway Company to recover damages for personal injuries received by plaintiff while a passenger on one of defendant's cars. The injuries resulted from a collision between the car and a team and wagon at a street intersection. The action is grounded on the claim of negligence by the motorman in approaching the crossing, (1) in propelling the car at too great speed; (2) in failing to keep a proper lookout; (3) in not having the car under proper control; (4) in failing to sound the gong. From a judgment in favor of plaintiff for three thousand dollars, defendant appeals.

BUSBY, WEBER, MILLER & ROBINSON, JAMES G. CONDON and ARTHUR J. DONOVAN, for appellant; LEONARD A. BUSBY, of counsel.

RICHARD J. FINN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 134*—*when recovery for injury to skull not excessive.* A verdict for three thousand dollars for personal injuries *held* not excessive where plaintiff received a fracture of the skull, necessitating the removal of a portion thereof which left a depression about one-third of an inch deep and two inches long, leaving the brain apparently covered by connective tissues and cartilage only, it appearing that the condition is permanent and that he suffered from headaches, dizziness and pains in the head continuously.

2. APPEAL AND ERROR, § 2143*—*when improper proceedings in trial cannot be complained of.* A party is in no position to urge as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

error improper proceedings in trial court which tended to convert the trial into a mere game, where he made no complaint below, but on the contrary his counsel sought to use it for his own advantage.

3. INSTRUCTIONS, § 15*—*when properly refused for permitting jury to determine material issues.* A requested instruction which leaves it to the jury to determine for itself what are the material points in the case, from the declaration and without any other instruction to guide them, *held* properly refused.

4. CARRIERS, § 484*—*when instruction on degree of care to passenger not misleading.* An instruction given for plaintiff which told the jury: "It is the duty of common carriers to do all that human care, vigilance and foresight can reasonably do under the circumstances, and in view of the character of the mode of conveyance adopted, and the practical operation of the road, reasonably to guard against accidents and consequential injuries, and if they neglect so to do, they are to be held strictly responsible for all consequences which directly flow from such neglect (provided such neglect and consequences is alleged in the declaration and established by the proofs); that while the carrier is not an insurer of the absolute safety of the passenger, it does, however, in legal contemplation, undertake to exercise the highest degree of care to secure the safety of the passengers and is responsible for the slightest neglect resulting in injury to the passenger (provided such neglect and injury is alleged in the declaration and established by the proof) if the passenger is, before and at the time of the injury, exercising ordinary care for his own safety," *held* not misleading for the reason that the last part of it (following the semicolon) omitted to limit the decree of care to such as is consistent with the practical operation of the car line, in view of the fact another instruction given embodied the limitation, and that reference to the same limitation was again made in the first part of the instruction complained of.

5. INSTRUCTIONS, § 81*—*when not objectionable as singling out one of a series of facts.* In an action against a street railway company to recover for personal injuries sustained by a passenger in a collision, a requested instruction as to the rate of speed a street car may run without being charged with negligence, *held* not subject to objection that it violates the rule against singling out and directing the jury's attention to one of a series of facts,—that relating to speed, where it distinctly directs consideration of the evidence on that point with the other circumstances in evidence.

6. CARRIERS, § 479*—*when refusal of requested instruction not prejudicial.* The refusal of a requested instruction telling the jury that: "The law does not regulate the precise rate of speed at which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a street car must be run under any given circumstances, nor does it require that street cars be run at such a low rate of speed that would prevent the practical operation of the railroad's business as a public carrier of passengers. There is no law limiting the rate of speed to any given number of miles. The law only requires that those operating the car exercise towards passengers the highest degrees of practicable care, as defined by these instructions, and if you believe from the evidence, and under the instructions, that the rate of speed at which the car was being run at the time and place of the accident was, under the circumstances in evidence in this case, not inconsistent with the exercise of the highest degree of practicable care as defined herein, on the part of those in charge of the car, then no negligence can be chargeable to the defendant in the operation of the car on the ground of the speed at which it was running," *held* not prejudicial error where it was not contended that the defendant was limited to any particular speed and all that was material in the instruction was included in another instruction given.

7. DAMAGES, § 211*—*when evidence justifies instruction to allow for future suffering and loss of health.* The giving of an instruction directing the jury to consider evidence of "future suffering and loss of health" in determining the amount of damages, *held* not objectionable on the ground there was not evidence to justify consideration of such matters, where there was proof that plaintiff was suffering from a recurrence of pains in his head and dizziness up to the time of the trial.